1 | Gregory M. Garrison, Esq., SBN 165215
2 | GREGORY M. GARRISON, APC
  | 9255 Towne Centre Drive, Suite 500A
3 | San Diego, California 92121
  | Telephone:      (619) 708-1623
4 | E-Mail:         greg@garrisonapc.com

5 | Alexander E. Papaefthimiou, Esq., SBN 236930
6 | LAW OFFICE OF ALEX PAPAEFTHIMIOU
  | 300 E. Esplanade Drive, 9th Floor
7 | Oxnard, California 93036
  | Telephone:      (800) 589-9692
8 | E-Mail:         alex@aplitigation.com

9 | *Attorneys for Plaintiff and Counterclaim Defendant*
10 | *EAGLE INDUSTRIAL GROUP, INC.*

11 |
12 | **UNITED STATES DISTRICT COURT**
   | **CENTRAL DISTRICT OF CALIFORNIA**
13 |

| | |
|---|---|
| EAGLE INDUSTRIAL GROUP, INC., a California corporation, | Case No. **SACV14-00261 DOC (PJWx)** |
| Plaintiff, | |
| vs. | **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |
| KNAPE & VOGT MANUFACTURING COMPANY, a Michigan corporation, | |
| Defendant. | |
| KNAPE & VOGT MANUFACTURING COMPANY, a Michigan corporation, | |
| Counterclaim Plaintiff, | |
| vs. | |
| EAGLE INDUSTRIAL GROUP, INC., a California corporation, | |
| Counterclaim Defendant | |

1 **1.     PURPOSES AND LIMITATIONS**

2       Disclosure and discovery activity in this action are likely to involve

3 production of confidential, proprietary, or private information for which special

4 protection from public disclosure and from use for any purpose other than

5 prosecuting this litigation may be warranted.  Accordingly, the parties hereby

6 stipulate to and petition the Court to enter the following Stipulated Protective Order

7 (the "Order"). The Parties acknowledge that this Order does not confer blanket

8 protections on all disclosures or responses to discovery and that the protection it

9 affords from public disclosure and use extends only to the limited information or

10 items that are entitled to confidential treatment under the applicable legal principles.

11       The parties further acknowledge, as set forth in Section 14, below, that this

12 Order does not entitle them to file confidential information under seal and that this

13 Order does not govern the use of any document or thing at trial.

14 **2.     DEFINITIONS**

15       2.1     Challenging Party: a Party or Non-Party that challenges the designation

16 of information or items under this Order.

17       2.2     "CONFIDENTIAL" Information or Items: information (regardless of

18 how it is generated, stored or maintained) or things that the Designating Party in

19 good faith believes: (i) will, if disclosed, create a substantial risk of competitive

20 harm, or (ii) to contain personal or consumer information, including such types of

21 information as are protected by the California constitutional right of privacy.

22       2.3     Counsel (without qualifier): Outside Counsel of Record and House

23 Counsel (as well as their support staff).

24       2.4     Designating Party: a Party or Non-Party that designates information or

25 items that it produces in disclosures or in responses to discovery as

26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27 ONLY".

28 //

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

//

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be

1  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

2  or without prejudice; and (2) final judgment herein after the completion and

3  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

4  including the time limits for filing any motions or applications for extension of time

5  pursuant to applicable law.

6  **5.      DESIGNATING PROTECTED MATERIAL**

7      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

8  Each Party or Non-Party that designates information or items for protection under

9  this Order must take care to limit any such designation to specific material that

10  qualifies under the appropriate standards. To the extent it is practical to do so, the

11  Designating Party must designate for protection only those parts of material,

12  documents, items, or oral or written communications that qualify – so that other

13  portions of the material, documents, items, or communications for which protection

14  is not warranted are not swept unjustifiably within the ambit of this Order.

15      Mass, indiscriminate, or routinized designations are prohibited.  Designations

16  that are shown to be clearly unjustified or that have been made for an improper

17  purpose (e.g., to unnecessarily encumber or retard the case development process or

18  to impose unnecessary expenses and burdens on other parties) may expose the

19  Designating Party to sanctions.

20      If it comes to a Designating Party's attention that information or items that it

21  designated for protection do not qualify for protection at all or do not qualify for the

22  level of protection initially asserted, that Designating Party must promptly notify all

23  other parties that it is withdrawing the mistaken designation.

24      5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

25  this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

26  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

27  under this Order must be clearly so designated before the material is disclosed or

28  produced.

1    Designation in conformity with this Order requires:

2          (a) <u>for information in documentary form</u> (e.g., paper or electronic

3    documents, but excluding transcripts of depositions or other pretrial or trial

4    proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

6    contains protected material. If only a portion or portions of the material on a page

7    qualifies for protection, the Producing Party also must clearly identify the protected

8    portion(s) (e.g., by making appropriate markings in the margins) and must specify,

9    for each portion, the level of protection being asserted.

10    A Party or Non-Party that makes original documents or materials available for

11    inspection need not designate them for protection until after the inspecting Party has

12    indicated which material it would like copied and produced. During the inspection

13    and before the designation, all of the material made available for inspection shall be

14    deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

15    inspecting Party has identified the documents it wants copied and produced, the

16    Producing Party must determine which documents, or portions thereof, qualify for

17    protection under this Order. Then, before producing the specified documents, the

18    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

19    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

20    contains Protected Material.  If only a portion or portions of the material on a page

21    qualifies for protection, the Producing Party also must clearly identify the protected

22    portion(s) (e.g., by making appropriate markings in the margins) and must specify,

23    for each portion, the level of protection being asserted.

24          (b) for testimony given in deposition or in other pretrial or trial

25    proceedings, that the Designating Party identify on the record, before the close of

26    the deposition, hearing, or other proceeding, all protected testimony and specify the

27    level of protection being asserted.  When it is impractical to identify separately each

28    portion of testimony that is entitled to protection and it appears that substantial

portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.**

1         (c) <u>for information produced in some form other than documentary and</u>

2    <u>for any other tangible items</u>, that the Producing Party affix in a prominent place on

3    the exterior of the container or containers in which the information or item is stored

4    the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

5    EYES ONLY".  If only a portion or portions of the information or item warrant

6    protection, the Producing Party, to the extent practicable, shall identify the protected

7    portion(s) and specify the level of protection being asserted.

8         5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

9    failure to designate qualified information or items does not, standing alone, waive

10   the Designating Party's right to secure protection under this Order for such material.

11   Upon timely correction of a designation, the Receiving Party must make reasonable

12   efforts to assure that the material is treated in accordance with this Order.

13   **6.**     **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

14        6.1   <u>Challenges</u>.  All challenges to confidentiality designations shall

15   proceed under Local Rule 37-1 through Local Rule 37-4.  The burden of persuasion

16   in any such challenge proceeding shall be on the Designating Party.  Challenges that

17   are shown to be clearly unjustified or that have been made for an improper purpose

18   (e.g., to unnecessarily encumber or retard the case development process or to

19   impose unnecessary expenses and burdens on other parties) may expose the

20   Challenging Party to sanctions.  All parties shall continue to afford the material in

21   question the level of protection to which it is entitled under the Producing Party's

22   designation until the Court rules on the challenge.

23   **7.**     **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

24        7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

25   disclosed or produced by another Party or by a Non-Party in connection with this

26   case only for prosecuting, defending, or attempting to settle this litigation. Such

27   Protected Material may be disclosed only to the categories of persons and under the

28   conditions described in this Order. When the litigation has been terminated, a

1   Receiving Party must comply with the provisions of section 15, below (FINAL

2   DISPOSITION).

3         Protected Material must be stored and maintained by a Receiving Party at a

4   location and in a secure manner that ensures that access is limited to the persons

5   authorized under this Order.

6         7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless

7   otherwise ordered by the court or permitted in writing by the Designating Party, a

8   Receiving Party may disclose any information or item designated

9   "CONFIDENTIAL" only to:

10             (a) the Receiving Party's Outside Counsel of Record in this action, as

11   well as employees of said Outside Counsel of Record to whom it is reasonably

12   necessary to disclose the information for this litigation;

13             (b) the officers, directors, and employees (including House Counsel) of

14   the Receiving Party to whom disclosure is reasonably necessary for this litigation;

15             (c) Experts (as defined in this Order) of the Receiving Party to whom

16   disclosure is reasonably necessary for this litigation and who have signed the

17   "Acknowledgment and Agreement to Be Bound" (Ex. A);

18             (d) the Court and its personnel, who are **not** required to sign the

19   "Acknowledgment and Agreement to Be Bound" (Ex. A);

20             (e) court reporters and their staff, professional jury or trial consultants,

21   and Professional Vendors to whom disclosure is reasonably necessary for this

22   litigation;

23             (f) during their depositions, witnesses in the action to whom disclosure

24   is reasonably necessary and who have signed the "Acknowledgment and Agreement

25   to Be Bound" (Ex. A), **unless otherwise agreed by the Designating Party or**

26   **ordered by the Court**. Pages of transcribed deposition testimony or exhibits to

27   depositions that reveal Protected Material must be separately bound by the court

28   reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the Court and its personnel, who are **not** required to sign the "Acknowledgment and Agreement to Be Bound" (Ex. A);

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1  information that the Receiving Party seeks permission to disclose to the Expert, (2)

2  sets forth the full name of the Expert and the city and state of his or her primary

3  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

4  Expert's current employer(s), (5) identifies each person or entity from whom the

5  Expert has received compensation or funding for work in his or her areas of

6  expertise or to whom the expert has provided professional services, including in

7  connection with a litigation, at any time during the preceding five years, and (6)

8  identifies (by name and number of the case, filing date, and location of court) any

9  litigation in connection with which the Expert has offered expert testimony,

10  including through a declaration, report, or testimony at a deposition or trial, during

11  the preceding five years.

12          (b) A Party that makes a request and provides the information specified

13  in the preceding respective paragraphs may disclose the subject Protected Material

14  to the identified Expert unless, within 14 days of delivering the request, the Party

15  receives a written objection from the Designating Party. Any such objection must

16  set forth in detail the grounds on which it is based.

17          (c) All challenges to objections from the Designating Party shall

18  proceed under Local Rule 37-1 through Local Rule 37-4.  In any such proceeding,

19  the Party opposing disclosure to the Expert shall bear the burden of proving that the

20  risk of harm that the disclosure would entail outweighs the Receiving Party's need

21  to disclose the Protected Material to its Expert.

22  **8.      PROSECUTION BAR**

23          Absent written consent from the Producing Party, any individual who receives

24  access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

25  information shall not be involved in the prosecution of patents or patent applications

26  relating to overhead storage devices before any foreign or domestic agency,

27  including the United States Patent and Trademark Office ("the Patent Office").  For

28  purposes of this paragraph, "prosecution" includes directly or indirectly drafting,

amending, advising, or otherwise affecting the scope or maintenance of patent claims.   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that

1  court of its Protected Material – and nothing in these provisions should be construed

2  as authorizing or encouraging a Receiving Party in this action to disobey a lawful

3  directive from another court. **Nothing in this Order shall be construed as**

4  **authorizing a Party to disobey a lawful subpoena issued in another action.**

5  **10.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

6  **          PRODUCED IN THIS LITIGATION**

7          (a)      The terms of this Order are applicable to information produced

8  by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

9  CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by

10  Non-Parties in connection with this litigation is protected by the remedies and relief

11  provided by this Order. Nothing in these provisions should be construed as

12  prohibiting a Non-Party from seeking additional protections.

13          (b)      In the event that a Party is required, by a valid discovery request,

14  to produce a Non-Party's confidential information in its possession, and the Party is

15  subject to an agreement with the Non-Party not to produce the Non-Party's

16  confidential information, then the Party shall:

17              1. promptly notify in writing the Requesting Party and the Non-

18  Party that some or all of the information requested is subject to a confidentiality

19  agreement with a Non-Party;

20              2. promptly provide the Non-Party with a copy of the Order in this

21  litigation, the relevant discovery request(s), and a reasonably specific description of

22  the information requested; and

23              3. make the information requested available for inspection by the

24  Non-Party.

25          (c)      If the Non-Party fails to object or seek a protective order from

26  this Court within 14 days of receiving the notice and accompanying information, the

27  Receiving Party may produce the Non-Party's confidential information responsive

28  to the discovery request. If the Non-Party timely seeks a protective order, the

Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**13.   MISCELLANEOUS**

13.1   Modification.  No modification of this Order by the Parties shall be valid or have the force or effect of a Court order unless the Court approves the

modification.

13.2   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.3   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.4   <u>Successors</u>: This order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

13.5   <u>Jurisdiction</u>: This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Order following termination of this litigation.

**14.   <u>USE OF PROTECTED MATERIALS IN FILINGS AND AT TRIAL</u>**

14.1   <u>Filing Protected Material Under Seal</u>.  This Order does not entitle a Party to file information under seal.  Under seal filings must comply with Local Rule 79-5.1, which provides, *inter alia*:

> Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal or in camera. The proposed order shall address the sealing of the application and order itself, if appropriate.

The Party must also publicly file a redacted version of any motion and supporting papers sought to be filed under seal.

The Parties acknowledge that neither the fact that counsel have stipulated to

1   an under seal filing, nor the fact that a proposed filing contains information

2   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY" under this Order, is sufficient, in itself, for the Court

4   to find that good cause exists to file the papers or the portion containing the

5   designated information under seal.

6        If a Receiving Party's request to file designated materials under seal pursuant

7   to Local Rule 79-5.1 is denied by the Court, then the Receiving Party may file the

8   material in the public record unless (i) the Designating Party seeks reconsideration

9   within four days of the denial, or (ii) as otherwise instructed by the Court.

10       14.2   <u>Referencing or Relying Upon Protected Material</u>.   All court orders will

11  be presumptively available to the public. Therefore, if a Party files evidence under

12  seal, all papers that refer to or rely upon such evidence shall designate the particular

13  aspects that are confidential.  This will enable the Court, in drafting orders, to

14  determine whether there is evidence which the Court should attempt not to disclose.

15  Absent such advance notification, the Court will be free to incorporate all such

16  evidence in its written and oral rulings.

17       14.3   <u>Use of Protected Material at Trial</u>.  In the event that the case proceeds

18  to trial, all of the information that was designated as Protected Material and/or kept

19  and maintained pursuant to the terms of this Protective Order shall become public

20  and will be presumptively available to all members of the public, including the

21  press, unless sufficient cause is shown in advance of trial to proceed otherwise.  This

22  Order shall have no impact on the use of materials at trial.

23

24

25               [INTENTIONALLY LEFT BLANK]

26

27

28

**15.**   <u>**FINAL DISPOSITION**</u>

Within 90 days after the final disposition of this action, as defined in Paragraph 4, above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence (including email), deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

August 6, 2014                                      August 6, 2014

LAW OFFICE OF                            HOLLAND & KNIGHT LLP
ALEX PAPAEFTHIMIOU

 <u>/s/ Alexander E. Papaefthimiou</u>           <u>/s/ R. David Donoghue</u>
Alexander E. Papaefthimiou            R. David Donoghue

300 E. Esplanade, 9<u>th</u> Floor              131 South Dearborn Street, 30<u>th</u> Floor
Oxnard, California 93036                Chicago, Illinois 60603
Telephone:     (800) 589-9692      Telephone:  (312) 578-6553
Facsimile:     (805) 585-5410       Facsimile:   (312) 578-6666
E-Mail:        alex@aplitigation.com     E-Mail:   david.donoghue@hklaw.com

STIPULATED PROTECTIVE ORDER

GREGORY M. GARRISON, APC           *Attorneys for KNAPE & VOGT*
Gregory M. Garrison                *MANUFACTURING COMPANY, INC.*
9255 Towne Centre Drive, Suite 500A
San Diego, California 92121
Telephone:     (619) 708-1623
E-Mail:        greg@garrisonapc.com

*Attorneys for EAGLE INDUSTRIAL*
*GROUP, INC.*

PURSUANT TO STIPULATION, AND FOR GOOD CAUSE, IT IS SO

ORDERED.

DATED: _August 6, 2014_

_____
HONORABLE PATRICK J. WALSH
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the Central District of California on [date] in the case of *Eagle Industrial Group, Inc. v. Knape & Vogt Manufacturing Company*, SACV14-00261 DOC (PJWx). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]